**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MATTHEW DEANGELO, )<br>)<br>Plaintiff. )<br>)<br>v. )<br>)<br>VILLAGE OF ROSEMONT, )<br>DANIEL VEACH, JOSEPH ALBANDIA, )<br>SPIRO THEODOROPOULOS, )<br>ADOBE GILA'S, MONTERREY )<br>SECURITY CONSULTANTS, INC., )<br>UNKNOWN EMPLOYEES OF )<br>MONTERREY SECURITY )<br>CONSULTANTS, INC. and/or )<br>VILLAGE OF ROSEMONT, )<br>)<br>Defendants. ) | No. 17 C 02571<br>Hon. Marvin E. Aspen |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Plaintiff Matthew DeAngelo filed this action seeking damages pursuant to state law and 42 U.S.C. § 1983 for violations of his rights under the Fourth and Fourteenth Amendments. Plaintiff's complaint stems from an altercation in which he alleges Defendants forcibly removed him from a Rosemont, Illinois restaurant, physically assaulted him, and then falsely charged him with an ordinance violation for refusing to leave to the restaurant. Plaintiff asserts claims against the restaurant, the restaurant manager, the Village of Rosemont, the arresting officers, Monterrey Security Consultants, Inc., and several of its security guards. Presently before us is a motion to dismiss Plaintiff's malicious prosecution claim against Adobe Gila's, the restaurant, and Spiro Theodoropoulos, its facility manager. For the reasons set forth below, we grant Defendants' motion, without prejudice.

# BACKGROUND

For the purposes of a motion to dismiss, we accept all well-pleaded factual allegations as true and draw all inferences in the plaintiff's favor. *Katz-Crank v. Haskett*, 843 F.3d 641, 646 (7th Cir. 2016). During the early morning hours of August 7, 2016, Plaintiff was a patron of Adobe Gila's restaurant and bar in Rosemont, Illinois. (Compl. ¶ 13.) Around 1:00 a.m., Village of Rosemont police officers Daniel Veach and Joseph Albandia were dispatched to Adobe Gila's. (*Id.* ¶ 15.) Plaintiff was "swarmed" by Veach, Albandia, and unknown security guards and law enforcement officers, who forcibly removed him from Adobe Gila's and took him to a private security office. (*Id.* ¶ 16.) Plaintiff alleges that at some point thereafter, as he stood near the exit of the restaurant waiting for friends to leave with him, the defendants "struck and kicked plaintiff about the face and body resulting in bruising and a concussion." (*Id.* ¶ 17.) Plaintiff further alleges that in "order to conceal their tortious use of excessive force and batteries upon the plaintiff, defendants maliciously and without probable cause charged plaintiff Matthew DeAngelo with a municipal ordinance violation of trespass, asserting that plaintiff had 'entered 5455 Park PL [sic] (Adobe Gila's) after being told to leave.'" (*Id.* ¶ 18.) Plaintiff contends that to the contrary, he "at no time entered (or re-entered) the premises after being told to leave." (*Id.* ¶ 19.)

Plaintiff also alleges that at the time Officers Veach and Albandia entered the restaurant, they spoke with Theodoropoulos.[1] (*Id.* ¶ 40.) Plaintiff states that during that conversation, "Theodoropoulos falsely and maliciously created a story about the actions of plaintiff DeAngelo

---

[1] There is an internal conflict in the complaint as to the date the officers spoke with Theodoropoulos, but we find it immaterial to deciding the pending motion. (*Compare* Compl. ¶ 40 (alleging "at the time Officers Veach and Albandia entered the Adobe Gila's on August 6, 2017, they spoke with defendant Theodoropoulos, the manager of the facility"), *with id.* ¶ 15 (alleging Officers Veach and Albandia were "dispatched" to Adobe Gila's "[a]t or about 1:00 AM, Sunday August 7, 2016").)

having 'entered' the restaurant after being told to leave." (*Id.* ¶ 41.) Plaintiff further asserts that "[a]s a result of that conversation, an ordinance violation complaint was executed by . . . Theodoropoulos on behalf of his employer, thereby directly and proximately causing . . . DeAngelo to be falsely charged with an ordinance violation." (*Id.* ¶ 42.)

Plaintiff posted bond and was released from custody, after which he sought treatment for his injuries. (*Id.* ¶ 21.) On October 6, 2016, following a proceeding before a municipal hearing officer employed by Defendant Village of Rosemont, Plaintiff was found not guilty of violating the ordinance. (*Id.* ¶ 22.) Plaintiff asserts he was falsely charged and the municipal trespass complaint was fully resolved in his favor. (*Id.* ¶ 43.)

Plaintiff filed the instant complaint on April 4, 2017. Count I asserts a claim under 42 U.S.C §1983 against Officers Veach and Albandia, as well as other unknown law enforcement officers, alleging violations of Plaintiff's Fourth and Fourteenth Amendment rights to be free from unreasonable seizures and excessive force. (*Id.* ¶ 28.) Count II asserts a state law battery claim against the Village of Rosemont and Monterrey Security Consultants, Inc. on a respondeat superior theory, alleging they are responsible for the actions of the arresting officers and various unknown law enforcement officers and security guard employees. (*Id.* ¶ 32.) Finally, Count III alleges a state law malicious prosecution claim against Adobe Gila's and Theodoropoulos. (*Id.* ¶¶ 39–43.) On May 5, 2017, Adobe Gila's and Theodoropoulos filed a motion to dismiss Count III of the complaint. (Dkt. No. 15.)

## LEGAL STANDARD

Defendants' motion to dismiss for failure to state a claim upon which relief may be granted is governed by Federal Rule of Civil Procedure 12(b)(6). In ruling on a 12(b)(6) motion, the court accepts "the allegations in the complaint as true unless they are 'threadbare recitals of a

3

cause of action's elements, supported by mere conclusory statements.'" *Katz-Crank*, 843 F.3d at 646 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009)). The complaint must state a claim that is plausible on its face. *St. John v. Cach, LLC*, 822 F.3d 388, 389 (7th Cir. 2016) (citing *Vinson v. Vermilion Cnty., Ill.*, 776 F.3d 924, 928 (7th Cir. 2015)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. The plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964–65). That is, while the plaintiff need not plead "detailed factual allegations," the complaint must allege facts sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964–65.

## ANALYSIS

In order to state a claim for malicious prosecution under Illinois law, a plaintiff must allege: "(1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceeding; (4) malice; and (5) damages." *Cairel v. Alderden*, 821 F.3d 823, 834 (7th Cir. 2016) (citing *Sang Ken Kim v. City of Chi.*, 368 Ill. App. 3d 648, 653, 858 N.E.2d 569, 574 (Ill. 2006)); *Szczesniak v. CJC Auto Parts, Inc.*, 2014 IL App (2d) 130636, ¶ 10, 21 N.E.3d 486, 490. "The absence of any one of these elements bars a plaintiff from pursuing the claim." *Swick v. Liautaud*, 169 Ill. 2d 504, 511, 662 N.E.2d 1238, 1242 (Ill. 1996) (*citing Joiner v. Benton Cmty. Bank*, 82 Ill. 2d 40, 45, 411 N.E.2d 229, 232 (Ill. 1980)). A municipal ordinance violation may serve as the basis for a

4

malicious prosecution claim. *See, e.g.*, *Intl. Aerobatics Club Ch. 1 v. City of Morris*, 76 F. Supp. 3d 767, 787–88 (N.D. Ill. 2014) (refusing to dismiss a malicious prosecution claim based on a municipal ordinance violation). However, "the law does not look with favor upon malicious prosecution suits, because of the general principle that the courts should be open for litigants to settle their rights without fearing prosecution for doing so." *Indep. Plus, Inc. v. Walter*, 2012 IL App (1st) 111877, ¶ 19, 982 N.E.2d 860, 866; *accord. Joiner*, 82 Ill. 2d at 44, 411 N.E.2d at 231 ("This court and others have indicated that suits for malicious prosecution are not favored in law."); *Logan v. Caterpillar, Inc.*, 246 F.3d 912, 921 (7th Cir. 2001) ("At the outset, we note that malicious prosecution suits are disfavored by law because of the potential deterrent effect on the reporting of crime."). "Public policy encourages the exposure of crimes and citizen cooperation, and these interests are furthered by narrowly circumscribing the instances in which malicious prosecution actions may be brought," and therefore, individual citizens "acting in good faith who have probable cause to believe that crimes have been committed should not be deterred from reporting them out of fear of unfounded suits by those they have accused." *Allen v. Berger*, 336 Ill. App. 3d 675, 678, 784 N.E.2d 367, 369–70 (1st Dist. 2002).

Defendants' substantively spare motion only challenges the first and second elements of Plaintiff's malicious prosecution claim, arguing the complaint fails to sufficiently plead the commencement of a proceeding or that it was terminated in Plaintiff's favor. (Mem. ISO Mot. to Dismiss ("Mem.") (Dkt. No. 16) ¶¶ 6–7.) As Theodoropoulos and Adobe Gila's have not addressed whether the complaint sufficiently alleges the other elements of Plaintiff's malicious prosecution claim against them, we do not address the plausibility of Plaintiff's allegations as to those elements. *G & S Holdings LLC v. Cont'l Cas. Co.*, 697 F.3d 534, 538 (7th Cir. 2012)


("We have repeatedly held that a party waives an argument by failing to make it before the district court. That is true whether it is an affirmative argument in support of a motion to dismiss or an argument establishing that dismissal is inappropriate." (internal citations omitted)).

A criminal proceeding is commenced when a complaint, an information, or an indictment is filed. *Szczesniak*, 2014 IL App (2d) 130636, ¶ 11, 21 N.E.3d at 491 (citing 725 ILCS 5/111–1). "Illinois law requires that, in order to commence or continue a criminal proceeding, the defendant must have initiated the criminal proceeding or 'his participation in it must have been of so active and positive a character as to amount to advice and cooperation.'" *Logan*, 246 F.3d at 922 (quoting *Denton v. Allstate Ins. Co.*, 152 Ill. App. 3d 578, 584, 504 N.E.2d 756, 760 (1st Dist. 1986)). "Thus, a private citizen does not commence a criminal action merely by reporting information to the police—even if the information later turns out to be incorrect." *Id.* (citing *Randall v. Lemke*, 311 Ill. App. 3d 848, 850, 726 N.E.2d 183, 185 (2d Dist. 2000)); *accord. Allen*, 336 Ill. App. 3d at 678, 784 N.E.2d at 369–70 (explaining "a person who unwittingly gives a prosecuting officer false information of another person's alleged crime is not liable for malicious prosecution, unless the person takes an active part in instituting criminal proceedings, by requesting, directing, or pressuring the prosecuting officer into instituting the proceedings").

Rather, legal causation exists with respect to a private citizen if the defendant *knowingly* made false statements to a police officer, who then swears out a complaint. *Logan*, 246 F.3d at 922; *Denton*, 152 Ill. App. 3d at 584, 504 N.E.2d at 760 ("[T]he attribution of police action to a defendant requires that the defendant requested, directed or pressured an officer into swearing out a complaint for plaintiff's arrest, or that defendants knowingly gave false information to the police."). But even if an informer knowingly provides false information,

"he or she is not liable for 'commencing' a criminal proceeding if the prosecution is based upon separate or independently developed information." *Szczesniak*, 2014 IL App (2d) 130636, ¶ 11, 21 N.E.3d at 491; *Randall*, 311 Ill. App. 3d at 851, 726 N.E.2d at 186 ("[W]hen an informer knowingly gives false information to a prosecuting officer, he commences the prosecution only if the prosecution is 'based upon' the false information."). Alternatively, a plaintiff may show that the "the defendant continued the proceeding by actively encouraging the prosecution despite knowing that no probable cause existed." *Szczesniak*, 2014 IL App (2d) 130636, ¶ 11, 21 N.E.3d at 491; *accord. Denton*, 152 Ill. App. 3d at 584, 504 N.E.2d at 760 (finding plaintiff must establish that the defendant took an active part in the prosecution after learning no probable cause existed and where the defendant's "'share in continuing the prosecution [is] active, as by insisting upon or urging further prosecution'" (quoting Restatement (2d) of Torts § 655, cmt. c)).

Plaintiff alleges upon information and belief that Theodoropoulos spoke with Officers Veach and Albandia at the time they entered Adobe Gila's, and that "during that conversation defendant Theodoropoulos falsely and maliciously created a story about the actions of plaintiff DeAngelo having 'entered' the restaurant after being told to leave," when "[i]n fact, plaintiff at no time entered (or re-entered) the premises after being told to leave." (*Id.* ¶¶ 40–41.) Plaintiff asserts that as "a result of that conversation, an ordinance violation complaint was executed by defendant Theodoropoulos on behalf of his employer, thereby directly and proximately causing plaintiff DeAngelo to be falsely charged with an ordinance violation." (*Id.* ¶ 42.) Elsewhere, the complaint alleges that after "unknown security guards and law enforcement officers, along with defendants Veach and Albandia" struck and kicked Plaintiff, "[i]n order to conceal their tortious use of excessive force and batteries upon the plaintiff, the defendants maliciously and without

7

probable cause" charged Plaintiff with a trespass violation for entering Adobe Gila's after being told to leave. (*Id.* ¶¶ 16–18.)

On the one hand, Plaintiff's allegations convey that Theodoropoulos, acting in his capacity as facility manager on behalf of Adobe Gila's, executed an ordinance violation complaint and created a false story that Plaintiff entered the restaurant after being told to leave. However, Plaintiff simultaneously alleges that all of the defendants, including Officers Veach and Albandia, asserted that Plaintiff entered Adobe Gila's after being told to leave and "maliciously and without probable cause" charged Plaintiff with a trespass violation "[i]n order to conceal their tortious use of excessive force and batteries." (*Id.* ¶ 18.) Taking Plaintiff's allegations as true, and viewing them in a light most favorable to him, his complaint establishes that even though Theodoropoulos may have executed a complaint based on knowingly false information, the officers independently acted to falsely charge Plaintiff in order to conceal their own conduct. *See, e.g., Randall*, 311 Ill. App. 3d at 850, 726 N.E.2d at 185 (finding plaintiff's allegations that "defendant instigated the prosecution by 'willfully' and 'wantonly' making a 'false report' to the police" were sufficient to "convey[] that defendant knowingly gave false information," but concluding plaintiff's claim failed because in addition to the informer's false report, the prosecution was based upon the police's independently gathered information); *Johansen v. Officer Haydysch*, No. 14 C 4994, 2015 WL 7568447, at *3 (N.D. Ill. Nov. 25, 2015) (granting motion to dismiss where plaintiff's complaint established that even if the private citizen had lied to the police, the police officers "went rogue and trumped up the theft charge" against plaintiff, and their superseding conduct was thus an independent cause of the prosecution initiated against the plaintiff).

8

Nor does it matter that the officers would not have been dispatched to Adobe Gila's and they would not have investigated Plaintiff without Theodoropoulos' false information, because the charges were not based upon his report alone. *See Randall*, 311 Ill. App. 3d at 850, 726 N.E.2d at 185 ("If the officer relies upon the informer's report, the informer interferes with the officer's intelligent exercise of discretion, and the informer may be subject to liability. If, however, the prosecution is based upon separate information, the informer does not affect the officer's discretion, and the officer alone is responsible for the prosecution."). Further, the complaint contains no allegations supporting a claim that Theodoropoulos or Adobe Gila's continued the proceeding by actively encouraging the prosecution despite knowing that no probable cause existed. *Szczesniak*, 2014 IL App (2d) 130636 ¶ 14; *Denton*, 152 Ill. App. 3d at 584, 504 N.E.2d at 760. Aside from alleging Theodoropoulos spoke with Officers Veach and Albandia and then executed an ordinance violation complaint, Plaintiff does not allege any subsequent involvement or conduct by Theodoropoulos or Adobe Gila's. Accordingly, Theodoropoulos and Adobe Gila's did not commence the prosecution of Plaintiff, and they may not be held liable for malicious prosecution. Defendants' motion to dismiss Count III against them is granted.

## CONCLUSION

For the reasons set forth above, Defendants Theodoropoulos and Adobe Gila's Motion to Dismiss Count III of Plaintiff's complaint against them is granted without prejudice. It is so ordered.

                                                      Honorable Marvin E. Aspen
                                                      United States District Judge

Dated: July 26, 2017
       Chicago, Illinois